UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MONITOR COMPANY GROUP LIMITED PARTNERSHIP, MONITOR GROUP KOREA, LTD., and MONITOR INFORMATION CONSULTING (BEIJING) CO., LTD., <br><br> Claimants-Petitioners, <br><br> v. <br><br> KHEE-HONG SONG, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. |

**PETITION TO CONFIRM ARBITRATION**
**AWARD AND FOR ENTRY OF JUDGMENT**

Petitioners Monitor Company Group Limited Partnership ("Monitor"), Monitor Group Korea Ltd. ("Monitor Korea"), and Monitor Information Consulting (Beijing) Co., Ltd. ("Monitor China," and together with Monitor and Monitor Korea, "Petitioners") hereby respectfully petition this Court pursuant to 9 U.S.C. §§ 1, *et seq.*, and 9 U.S.C. §§ 201, *et seq.*, for an Order confirming a Final Award entered on December 29, 2011 (the "Award"), in an arbitration proceeding between Petitioners and Respondent Khee-Hong Song ("Respondent" or "Song"), and for entry of a final judgment on the Award.

**Parties**

1. Monitor is a Delaware limited partnership with a principal place of business at Two Canal Park, Cambridge, Massachusetts. Through various offices, Monitor conducts business throughout the United States. Monitor is the parent company of various subsidiaries and affiliates. Monitor Korea and Monitor China are among Monitor's subsidiaries.

2. Monitor Korea is a limited liability company formed under the laws of the Republic of Korea, with a principal place of business at 9F CCMM Building, 12 Yoldo-dong, Youngdeungpo-gu, Seoul 150-010, Republic of Korea.  Monitor Korea is the Monitor affiliate that carries out Monitor business and engagements both within the Republic of Korea and for Korean clients operating globally.

3. Monitor China is a limited company formed under the laws of the People's Republic of China, with a principal place of business at Units 3905-3906, K. Wah Center, 1010 Middle Huaihai Road, Xuhui District, Shanghai, China 200031.  Monitor China is the Monitor affiliate that carries out Monitor business and engagements both within the People's Republic of China and for Chinese clients operating globally.

4. Respondent Song was a limited partner in Monitor, and a former employee of and services provider to Monitor Korea and Monitor China.  On information and belief, Song currently resides at Samboo Apartment 9-302, 30-2 Yoido-dong, Youngdeungpo-gu, Seoul 150-882, Republic of Korea.

## Jurisdiction

5. This Court has jurisdiction over this matter pursuant to 9 U.S.C. § 203, because the arbitration agreement, the arbitration proceeding which gave rise to the Award (the "Arbitration"), and the Award are all within the scope of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention").  *See* 9 U.S.C. § 202.

6. Venue is proper in this District pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391(a) and (d).

7. This Court has personal jurisdiction over Respondent because the Arbitration arose out of and concerned the breach of a Non-Solicitation, Non-Disclosure and Inventions Agreement (the "Restrictive Agreement") between Monitor and Respondent, which Respondent had agreed would be governed by the laws of the Commonwealth of Massachusetts. Accordingly, the Arbitration proceeded in accordance with the substantive laws of Massachusetts, and the Award applied Massachusetts law. Furthermore, at the time of the relevant conduct at issue in the Arbitration, Respondent was, and the Arbitration concerned his ongoing status as, a limited partner in Monitor, which maintains its principal place of business in Cambridge, Massachusetts. Respondent was well aware that the financial statements of Monitor Korea and Monitor China were consolidated into Monitor's financial statements and that Monitor's reputation and good will world wide are dependent on the reputation and good will of its local subsidiaries. The conduct of Respondent that gave rise to the Arbitration was thus directed at Monitor in Massachusetts and had an adverse impact on Monitor in Massachusetts. As a limited partner in Monitor, Respondent frequently traveled to Massachusetts, telephoned into Massachusetts, and emailed persons in Massachusetts. He regularly communicated with, relied on information and support from, and provided information to Monitor personnel and management in Massachusetts, all while performing his duties for Monitor.

## The Arbitration Agreement

8. Section 18 of the Restrictive Agreement provides in pertinent part that "Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by an arbitration proceeding (the 'Arbitration') conducted in accordance with the United

Nations Commission on International Trade Law (UNCITRAL) Arbitration Rules." A certified, redacted copy of the Restrictive Agreement is attached hereto as Exhibit A.[1]

9. Section 18 of the Restrictive Agreement further provides that "Any Arbitration shall be commenced and conducted in London, United Kingdom." Section 18 also provides that "Judgment on the award issued in any such Arbitration shall be final and binding and may be entered in any court having jurisdiction thereof."

**The Arbitration Proceeding**

10. Arbitration activities pursuant to Section 18 of the Restrictive Agreement commenced in March 2010, when Petitioners delivered to Respondent their Notice of Arbitration, and culminated in issuance of the Award on December 29, 2011. A sole arbitrator (the "Arbitrator"), a British barrister experienced in contract interpretation, was appointed by the London Court of International Arbitration in December 2010. Through the Arbitration, Petitioners asserted that Respondent had violated the Restrictive Agreement in various ways which had caused them financial and other harm.

11. The Arbitration included the exchange of lengthy pre-hearing written position statements, witness statements, and exhibits; a document discovery process; an in-person presentation of direct witness testimony and witness cross-examination at a three-day hearing in London, United Kingdom, before the Arbitrator and with the proceedings transcribed; and extensive post-hearing written submissions. The Arbitration was conducted pursuant to the UNCITRAL Arbitration Rules, as required by Section 18 of the Restrictive Agreement. Respondent was represented by counsel throughout the Arbitration Proceeding, including at the

---

[1] The Restrictive Agreement is a confidential, proprietary Monitor document. In the event that the Court prefers an unredacted version of the Restrictive Agreement, Monitor will provide such a copy and prepare an appropriate motion to seal.

live hearing, which was conducted in accordance with the IBA Rules on the Taking of Evidence in International Arbitrations.

### The Arbitration Award

12. On December 29, 2011, the Arbitrator issued a 74-page reasoned opinion. Included with the opinion was a page titled "The Award," which summarizes the Arbitrator's conclusions, permitted Monitor to redeem Respondent's partnership interests in exchange for a payment of $75,000.00, and directed Respondent to pay to Petitioners $956,064.90 (net of the payment for Respondent's partnership interests, and including 12% interest to the date of the Award and the attorneys' fees and costs awarded to Petitioners as prevailing parties pursuant to Section 9 of the Restrictive Agreement). A certified copy of "The Award" page from the Arbitrator's decision is attached as Exhibit B.[2]

13. Respondent had 30 days from the date of the Award, through January 28, 2012, within which to seek to clarify or correct the Award. Petitioners are unaware of any action by Respondent, before the Arbitrator or any court of competent jurisdiction, to clarify or correct the award. Petitioners are likewise unaware of any action by Respondent, before the Arbitrator or any court of competent jurisdiction, to modify or vacate the Award. There are no grounds for modifying or vacating the Award consistent with the New York Convention or otherwise. Moreover, the UNCITRAL Arbitration Rules do not contemplate such a challenge to an award issued thereunder.

---

[2] The detailed findings by the Arbitrator reveal Petitioners' confidential and proprietary information, including some of the very information that Respondent was found to have revealed in violation of his obligations to Petitioners. Accordingly, Petitioners have not attached hereto the full version of the Arbitrator's decision, but are prepared to make such a submission under seal if the Court so directs.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully request the following relief:

1. That an Order enter confirming the Award;

2. That judgment be entered in their favor confirming the Award and requiring Respondent to pay to Petitioners the sum of $956,064.90, plus post-Award interest from the date of the Award to the entry of judgment, plus post-judgment interest, less any set-off against the Award that has been made by Petitioners;

3. That the Court award to Petitioners their attorneys' fees, costs, and expenses incurred since the issuance of the Award, in accordance with Section 9 of the Restrictive Agreement;

4. That the Court award to Petitioners any and all further and other relief to which they may be entitled at law or in equity.

January 30, 2012

        Respectfully submitted,

        Monitor Company Group Limited Partnership, Monitor Group Korea Ltd., and Monitor Information Consulting (Beijing) Co., Ltd.,

        By their attorneys,

        /s/ Laura Steinberg
        Laura Steinberg (BBO # 478440)
        *lsteinberg@sandw.com*
        Joshua L. Solomon (BBO#657761)
        *jsolomon@sandw.com*
        SULLIVAN & WORCESTER LLP
        One Post Office Square
        Boston, MA 02109
        (617) 338-2800 (phone)
        (617) 338-2880 (fax)